UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER ANTON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:15-cv-102-HSM-SKL |
| ) | |
| HAMILTON COUNTY, TENNESSEE, ) | |
| SHERIFF JIM HAMMOND, STATE OF ) | |
| TENNESSEE, TENNESSEE BOARD OF ) | |
| PROBATION AND PAROLES, ) | |
| PROBATION OFFICER KILPATRICK, ) | |
| and PROBATION OFFICER SHAUN ) | |
| COKER, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| in their individual and official ) | |
| capacities. ) | |

**MEMORANDUM & ORDER**

While incarcerated in the Hamilton County jail, Christopher Anton Johnson filed this pro se civil rights complaint for damages under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* [Docs. 1-2]. Plaintiff did not submit a certified copy of his inmate trust account showing the activity in the account during the preceding six months, as required by 28 U.S.C. § 1915(a)(2), but he explained that his failure to do so was caused by certain jail officials' refusal to furnish him with the required documentation [Doc. 1 p.2]. Though the first *in forma pauperis* application was still pending, Plaintiff filed another *in forma pauperis* application [Doc. 8].

In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)), the Sixth Circuit instructed that inmates are not to be

penalized due to the recalcitrance of prison officials and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id*. at 607-08.  Despite the importance of the missing trust account statement, *id*. at 607 (calling the trust account the "key to the assessment procedure"), because Plaintiff's efforts to obtain it have been unsuccessful and because he is not at fault for the omission of this document, his case will advance in the typical fashion.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], but because he is a prisoner in the Hamilton County jail, he is **ASSESSED** the civil filing fee of $350.00.  Pursuant to 28 U.S.C. § 1915(b)(2), the custodian of Plaintiff's inmate trust account at the jail is directed to submit to the <u>Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37401</u>, twenty percent (20%) of Plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.

The Clerk is **DIRECTED** to mail a copy of this Order to the Sheriff of Hamilton County, Tennessee, who should ensure that the custodian of inmate trust accounts at the Hamilton County jail complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee.[1]  The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Plaintiff's duplicate motion for leave to proceed *in forma pauperis* is **DENIED** as **MOOT** [Doc. 8].

---

[1] Given Plaintiff's contentions that his requests for a certified copy of his inmate trust account either were met with evasion or outright denial on the part of jail officials, the Sheriff might wish to ascertain whether jailers are hindering inmates' acquisition of the statutorily-required document [Doc. 2 p.3 and Doc. 8 p.3-4].  The Court takes no position as to the accuracy of Plaintiff's contentions.

2

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In screening the complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it

3

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted).

Conclusory allegations and unwarranted inferences from alleged facts need not be accepted as true. *Newberry v. Silverman*, ___ F.3d ___, ___, 2015 WL 3422781, at *2 (6th Cir. May 29, 2015). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In the complaint, Plaintiff alleges that, despite being granted writs of habeas corpus with respect to his incarceration on charges that he violated the terms of his probation in "case # 272416 and [#] 276348" and despite the fact that a court ordered his release because the sentences in those cases had expired respectively on January 7, 2014, and February 12, 2014, and also ordered that the "no bond" condition imposed in those cases be terminated, Defendants are still holding him without bond in the Hamilton County jail, pursuant to those sentences. Plaintiff further alleges that Defendants probation officers Kilpatrick and Coker sought arrest warrants without probable cause, which led to his false arrest and imprisonment in violation of his Fourth Amendment rights.

Plaintiff asserts that he has exhausted his state remedies and disclaims that he is seeking release from his unlawful imprisonment, but instead, maintains that the only relief he is requesting is money damages, under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that an action for damages for an alleged constitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid," cannot be maintained unless the prisoner "prove[s] that the conviction or

4

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

Here, Plaintiff has alleged, but has not actually established, that a federal court has issued a writ of habeas corpus,[2] much less that a state court has issued a writ of habeas corpus finding that his sentences for offenses which he never identifies have expired. Without proof that a state tribunal has held that Plaintiff's sentences have expired, granting Plaintiff relief on his claims that he continues to be confined in jail on expired sentences and that his arrest warrants were not supported by probable cause because his sentences had expired would call the validity of his outstanding criminal judgment into question. *Barton v. Priest,* No. 05–73415, 2008 WL 4372637, at *4 (E.D.Mich. Sept.19, 2008) (finding a *Heck*-bar to a plaintiff's claims of false arrest and illegal imprisonment).

Thus, Plaintiff has no constitutional tort suit under *Heck* at this time. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) ("[T]he court held that Heck's cause of action would not even accrue (i.e., an essential element of his claim would not be satisfied) until Heck's conviction were reversed or vacated on direct appeal or otherwise.") (citing *Heck*, 512 U.S. at 484-87); *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (finding that, where claims are barred under *Heck*, "no cause of action exists unless a conviction has been legally eliminated").

---

[2] The Court has accessed the U.S. Party/Case Index, a national electronic database which tracks prisoner lawsuits in federal courts, and finds no petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Plaintiff in which a writ was issued. (Available at https://pcl.uscourts.gov/view?rid=dww2QgTOTIvv63VOt9uDhx00ccqdDfKmNQZI98YN&page=1(last visited July 30, 2015; restricted to authorized users).

5

There is another major flaw in this suit. Plaintiff is seeking to hold the state Defendants liable for damages in their official capacities as governmental employees or agents. A § 1983 action cannot be sustained against a state, state agencies or state officials sued for damages in their official capacities because those defendants enjoy sovereign immunity under the Eleventh Amendment *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *See id*. Therefore, Defendants State of Tennessee, Tennessee Board of Probation and Paroles, Probation Officer Kilpatrick, and Probation Officer Shaun Coker, in their official capacities, enjoy Eleventh Amendment immunity from this suit for damages.

Still another problem is that Plaintiff asks for damages against Defendants Hamilton County, Tennessee and Sheriff Hammond in his official capacity. A suit against a defendant in his official capacity is, in reality, an action against the entity that the defendant represents because any judgment awarded would have to be paid by the represented entity. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91(1978); *Accord, Leach v. Shelby County Sheriff*, 891 F.2d 1244 (6th Cir. 1989) ("A suit against an individual in `his official capacity' has been held to be essentially a suit directly against the local government unit and can result in that unit's liability to respond to the injured party for his injuries."). The governmental entity whom Sheriff Hammond represents is Hamilton County, Tennessee (the "County").

Yet, the County cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. Instead, to succeed on a claim against the County or the Sheriff in his official capacity, Plaintiff must show that he has suffered harm because of a constitutional violation and that a policy or custom of the entity caused the harm. *Id*.; *Soper v. Hoben*, 195 F.3d 845, 853-54 (6th Cir. 1999*), cert. denied*, 530 U.S. 1262 (2000). Put simply, Plaintiff must "identify the

6

policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Additionally, Plaintiff must show that the County was itself a "moving force" behind the deprivation, so that its policy or custom played a part in the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Here, Plaintiff claims that Defendants "are still holding plaintiff pursuant to those sentences with no bond because their policies and practices are 'inadequate'" [Doc. 2 p.2]. Suffice it to say that Plaintiff has not identified any specific County policy or custom allowing prisoners to be kept in jail after the expiration of their sentences, much less connected that policy to the County or demonstrated how his injuries were caused by the allegedly "inadequate" policy. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir.1994) (noting that the policy requirement for municipal liability "is meant to distinguish those injuries for which the government as an entity is responsible under § 1983 from those injuries for which the government should not be held accountable") (internal citation and quotation marks omitted).

Therefore, the allegations against Defendant County and Sheriff Hammond in his official capacity fail to state viable § 1983 claims for damages.

Because Plaintiff's claims are precluded by *Heck*, the Court will dismiss this case without prejudice for failure to state a claim. *Scheib v. Grand Rapids Sheriff's Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001) (affirming dismissal of *Heck*-barred claims for failure to state a claim upon which relief may be granted). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Green v. Cox*, No. 1:08-CV-432, 2008 WL 4136145, at *2 (W.D. Mich. Sept. 3, 2008); *see also Pointer v. Wilkinson*, 502 F.3d 369, 373 n.4 (6th Cir. 2007) (citing to *Sims v. Daughtrey*, No. 06–131, 2006 U.S. Dist. LEXIS 41252, at * 1–2 (N.D.Ind. Mar. 10, 2006) which held that dismissals

under the *Heck* rule are strikes "because when the complaint was filed it failed to state a claim upon which relief could be granted").

In addition to the above, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith.  *See* Fed. R.App. P. 24(a)(3).

**AN APPROPRIATE ORDER WILL ENTER**.

**ENTER**:

                                                     */s/ Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE